UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON, | Case No. 1:26-cv-02061-JLT-FJS |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND |
| v. | |
| ENVIRONMENTAL PROTECTION AGENCY, | (ECF No. 1) |
| | FOURTEEN-DAY DEADLINE |
| Defendant. | |

Plaintiff Steven Quinn Singleton ("Plaintiff") is proceeding pro se and in forma pauperis in this action. Upon review, the undersigned concludes that the allegations fail to comply with Federal Rule of Civil Procedure 8, are frivolous, and fail to state a claim and recommends dismissing Plaintiff's complaint without leave to amend.

I.    SCREENING REQUIREMENT AND STANDARD

The Court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

II.   PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action against the Environmental Protection Agency ("EPA" or "Defendant"). (ECF No. 1.) Claiming that federal question is the basis of subject matter jurisdiction, Plaintiff brings a claim under 42 U.S.C. § 1983. (ECF No. 1 at 3.) On the civil cover sheet of his complaint, Plaintiff cites 42 U.S.C. § 1983 and the Administrative Procedure Act ("APA"), and he describes the case as "[r]equest for review of a large-scale deregulatory action in contempt of Massachusetts v. EPA (2007)." (*Id*. at 22.)

Plaintiff's entire statement of the claim provides:

On 02/12/2026, the Environmental Protection Agency (EPA) announced a massive

deregulatory effort of Greenhouse Gas (GHG) Endangerment Finding and all subsequent federal GHG emissions standards. The EPA knew or should have known that the concept of "endangerment finding" on GHGs is rooted in a ruling on Massachusetts v. EPA (2007). Although rulings on Bright Enterprises v. Raimondo (2024) and West Virginia v. EPA (2002) provide critical input to our Nation's environmental statutory framework, the Orders on marine conservation and power plant emissions regulation are not sufficient to support the scope of the EPA's recent action. Massachusets [sic] v. EPA established that GHGs are "air pollutants," the EPA's refusal/gross negligence in regulating them was unlawful, and that former status quo must be reconsidered to comply with statutory obligation in the public interest. Petitioner filed a Civil rights complaint in response to the deregulation. A follow up communication indicated potential awareness of the grievance.

(*Id*. at 4.)

Plaintiff attaches several exhibits to his complaint, including (1) a press release from the EPA entitled "President Trump and Administrator Zeldin Deliver Single Largest Deregulatory Action in U.S. History," (2) a document that Plaintiff describes as a "[c]ivil rights complaint lodged with the Justice Department illustrating how the deregulation is known to or can be reasonably estimated to adversely target or impact people on a basis of race/color and create economic incentive to capitalize on preventable health challenges," and (3) a screenshot of an email from comminications@mail.whitehouse.gov. Plaintiff describes this document as follows:

[w]hile constructing this report, Petition received a device intrusion and filed IC3 complaint with id d164853cb06c46e7a09bccbbf0ca8767. The reported device intrusion received via Apple Mail is not unlike others that are associated with sessions of computer work that investigate administrations [sic] of the Executive power. On 02/10/2026, Petitioner's mother, aunt, and grandmother were displaced from their home. 'Endangerment finding' is highlighted via comminications@mail.whitehouse.gov on 02/13, 02/14, and 02/17, and 02/19.

(*Id.* at 6.) Finally, Plaintiff also attaches a document entitled "Exhibit D," which contains a discussion of several topics include executive power, Plaintiff's email communication with several government agencies, and carbon dioxide emissions. (*Id.* at 7-8.)

As relief, Plaintiff seeks (1) "[a]n injunction on existing and planned implementations of the deregulation framework announced by the EPA on 02/12/2026 until a full review of its contents can be completed by the Federal judiciary," (2) "[i]nstructions to the EPA on what is and cannot be permitted to take force in its proposed deregulation framework," and (3) "[a]ny other relief deemed just and proper with consideration for Petitioner's Complaint and the preponderance of any evidence included by the Court." (*Id.* at 4.)

3

III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint fails to comply with Federal Rules of Civil Procedure 8, fails to state a cognizable claim under 42 U.S.C. § 1983 or the APA, and is frivolous.

### A.    Fed. R. Civ. P. 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved. General statements describing government policies are not sufficient to state a claim under Rule 8. As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that the named Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

While Plaintiff does attach several exhibits and include descriptions of the exhibits, he does not allege how any of the facts presented support a claim under 42 U.S.C. § 1983 or the APA. "The Court cannot review each piece of evidence and try to make a determination what the claim for relief is, that is the Plaintiff's responsibility." *Williams v. Dep't of Corr.,* No. CV F 06-1793-OWW (DLB) P, 2007 WL 1188356, at *2 (E.D. Cal. Apr. 20, 2007) (finding complaint with attached exhibits not to comply with Fed. R. Civ. P. 8(a)).

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

4

B. 42 U.S.C. § 1983

Plaintiff indicates that he is bringing a claim against the EPA, a federal agency, pursuant to Section 1983.

Pursuant to 42 U.S.C. § 1983, any person who, "under color of" state law, subjects any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011).

"[S]ection 1983 only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Section 1983 "'precludes liability' for a federal government actor," including federal agencies. *Locke v. United States*, No. SA CV 20-01502-DOC-(ADSx), 2021 WL 1255195, at *2 (C.D. Cal. Feb. 19, 2021) (citing *Ibrahim*, 538 F.3d at 1257); *see also Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions.").

Accordingly, Plaintiff does not state a claim under Section 1983.

C. APA

Plaintiff indicates that he is bringing a claim under the APA or for the review or appeal of an agency decision. (ECF No. 1 at 22.) Individuals have a right to judicial review under the APA, which provides "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. To establish standing under the APA, "[t]he plaintiff must establish (1) that there has been final agency action adversely affecting the plaintiff, and (2) that, as a result, it suffers legal wrong or that its injury falls within the zone of interests of the statutory provision the plaintiff claims was violated." *Citizens for Better Forestry v. U.S. Dep't of Agric.*,

5

341 F.3d 961, 976 (9th Cir. 2003) (internal citations and quotation marks omitted).

Plaintiff appears to be challenging a February 18, 2026, Final Rule in which the EPA rescinded the Administrator's 2009 findings of contribution and endangerment and repeals all greenhouse gas emission standards for light-duty, medium-duty, and heavy-duty vehicles and engines pursuant to the Clean Air Act section 202(a)(1). (ECF No. 1 at 4, at 9-14.)

Plaintiff's complaint does not allege that he personally suffered a legal wrong that falls within the zone of interests sought to be protected by the relevant statutory provision. "[T]he party seeking review under § 702 must show that he has suffered legal wrong because of the challenged agency action, or is adversely affected or aggrieved by that action within the meaning of a relevant statute." *Lujan*, 497 U.S. at 883 (internal quotation marks omitted). It is not enough merely to point to a failure of an agency to comply with a statutory provision. *Id*. Rather, "to be adversely affected or aggrieved within the meaning of a statute, the plaintiff must establish that the injury he complains of (his aggrievement, or the adverse effect upon him) falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for his complaint." *Lujan*, 497 U.S. at 883 (internal quotation marks omitted). Moreover, general averments do not embrace the specific facts needed to satisfy the harm requirement of section 701. *See id.* at 888 (applying Fed. R. Civ. P. 56 standard).

To the extent Plaintiff is suggesting that he was harmed by the EPA Rule, Plaintiff's allegations are generic and contain no specific facts to support that he was adversely affected or aggrieved by any agency action. *Lujan*, 497 U.S. at 882. In one exhibit, Plaintiff describes the general harms of carbon dioxide emissions but does not allege that he suffered legal wrong because of the challenged agency action, or that he personally suffered an adverse effect within the meaning of the relevant statute. (ECF No. 1 at 8) ("emitted warming agents arising from contexts that the EPA can regulate intensifies the impact of solar radiation, trapping heat into the planetary atmosphere," "[t]his leads to generational ice melt and may result in hyper-warming should the ancient, natural cooling systems of the Artic and Antarctic dissipate below a certain level," "[t]his is particularly dangerous because Methane is more potent that Carbon Dioxide . . . accelerated and excessive Methane emissions could produce a microwaving-like effect," "[a]n

intentional neglect of realities associated with the chemical warming agents and their emissions deprives the People of an ability to reasonably petition the Government for a redress of well-supported grievances.")

Plaintiff also alleges that "[w]hile constructing this report, Petitioner received a device intrusion and filed IC3 complaint with id d164853cb06c46e7a09bccbbf0ca8767 . . . not unlike others that are associated with sessions of computer work that investigate administrations of the Executive power," that "[o]n 02/10/2026, Petitioner's mother, aunt, and grandmother were displaced from their home," and that he "received a scaled device intrusion on his Apple Mail desktop mail client which caused all of the preview data in his inbox to go blank." (ECF No. 1 at 6-7.) The Court does not find that such allegations meet the "facial plausibility" standard that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Wal-Mart Stores, Inc.*, 572 F.3d at 681.

Accordingly, Plaintiff does not state a claim under the APA.[1]

### D. Frivolousness

Apart from Plaintiff's failure to comply with Rule 8 and failure to state a claim, his complaint is frivolous.

A complaint will be considered frivolous, and therefore subject to dismissal under

---

[1] Even if Plaintiff were permitted to proceed outside of the APA's remedial scheme for challenging the agency action, Plaintiff lacks Article III standing to pursue his claims. Plaintiff has not alleged any plausible injury, let alone an injury-in-fact that is "concrete and particularized and [ ] actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Nor are Plaintiff's claimed injuries redressable by an Article III court. *Juliana v. United States*, 947 F.3d 1159, 1172-73 (9th Cir. 2020) (finding that Plaintiffs failed to establish redressability and rejecting arguments that the Court's role is to develop, supervise, or enforce a "remedial plan" to "phase out fossil fuel emissions and draw down excess atmospheric CO2."). Here, Plaintiff's requested relief "alone is not substantially likely to mitigate the plaintiff['s]' asserted concrete injuries." *Juliana*, 947 F.3d at 1170. *See also G. B. v. United States Env't Prot. Agency*, No. CV 23-10345-MWF (AGRX), 2024 WL 3009302, at *4 (C.D. Cal. May 8, 2024) (finding group of minors alleged to be harmed by climate change to lack redressability and dismissing claims pursuant to Rule 12(b)(1)); *Lighthiser*, 2025 WL 2930569, at *11 (dismissing challenges to three Executive Orders alleged to "increase fossil fuel pollution" for lack of redressability pursuant to Rule 12(b)(1)).

§ 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). While a federal court cannot properly *sua sponte* dismiss an action commenced in forma pauperis if the facts alleged in the complaint are merely "unlikely," *Denton*, 504 U.S. at 33, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, *see Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e). Plaintiff's complaint is frivolous under this legal standard.

Public court records show that Plaintiff has filed over a dozen federal lawsuits in the past several weeks in this district alone.[2] *See Singleton v. Winter et al.*, No. 1:26-cv-2099 (E.D. Cal. Mar. 16, 2026); *Singleton v. Thompson*, No. 1:26-cv-2095 (E.D. Cal. Mar. 16, 2026); *Singleton v. Superior Court of California, Fresno County*, No. 1:26-cv-2097 (E.D. Cal. Mar. 16, 2026); *Singleton v. Superior Court of California, Fresno County*, No. 1:26-cv-2096 (E.D. Cal. Mar. 16, 2026); *Singleton v. Department of State*, No. 1:26-cv-2062 (E.D. Cal. Mar. 16, 2026); *Singleton v. Department of Agriculture*, No. 1:26- cv-2060 (E.D. Cal. Mar. 16, 2026); *Singleton v. Valley Strong Credit Union*, No. 1:26-cv-2021 (E.D. Cal. Mar. 13, 2026); *Singleton v. Merit System Protection Board*, No. 1:26-cv-2018 (E.D. Cal. Mar. 13, 2026); *Singleton v. Jordan*, No. 1:26-cv-2019 (E.D. Cal. Mar. 13, 2026); *Singleton v. Federal Election Commission*, No. 1:26-cv-2016 (E.D. Cal. Mar. 13, 2026); *Singleton v. Bureau of Consumer Finance Protection*, No. 1:26-cv-2017 (E.D. Cal. Mar. 13, 2026); *Singleton v. Federal Bureau of Investigation*, No. 1:26-cv-1687 (E.D. Cal. Mar. 2, 2026). Several of these lawsuits appear to relate to the same underlying facts as this case.

Because the undersigned finds that Plaintiff's complaint is "indisputably meritless,"

---

[2] A court may take judicial notice of court filings from other state or federal court proceedings. *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

lacking in any factual contentions supporting his claim, the undersigned recommends that this case be dismissed as frivolous and that Plaintiff not be given leave to amend.[3] *See Levy v. Subway*, No. 2:13-CV-1269-GEB-DAD, 2013 WL 5493390, at *3 (E.D. Cal. Oct. 2, 2013).

IV.     CONCLUSION AND ORDER

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint in this action, it is clear from the face of the complaint that it is frivolous.

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1.  Plaintiff's complaint be dismissed, without leave to amend; and

2.  The Clerk of the Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 14, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

---

[3] If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000).